By the Court.—Speir, J.
—The plaintiff by his deed sold certain furniture to the defendant for $2,950, to be paid in installments. The deed provided “ that if default be made in any of the payments above agreed to be made, that then the payments then made thereon-shall be forfeited to the party of the first part, and the .said goods, chattels, and effects shall be reconveyed and forfeited to him without consideration.” Certain installments appear not to have been paid, and the suit is brought to recover the furniture for non-payment of the balance then due and after an alleged demand of the defendant for the furniture. .
After the testimony was closed the defendant moved that the complaint be dismissed upon the ground that the plaintiff was not the owner of the furniture, that a judgment had been given against the owner in an action brought by her, and that no demand of the furniture had been proved by a preponderance of testimony.
The court submitted the question of demand for the furniture and whether it was made after the demand for payment and the admitted default in payment. He charged if the jury found for the plaintiff they must find a verdict in his favor for the sum fixed in the agreement, as the value of the property, which was $2,950,-after deducting the amounts paid on it by defendant $205, taking the value of the property on November 30, 1874, and in addition thereto interest as dam *45 ages for detention. The defendant claims the property under the deed óf sale, and admits default in payment and the demand for payment. She denies that the demand for the furniture was made. On this last question the jury have found against her.
It was admitted on the trial that judgment in an action by one May against this defendant was entered in her favor, and that an appeal was taken therefrom to the general term by said May, and that the appeal was dismissed, and that that action was brought for the recovery of this same property. The plaintiff in this action also testified that he was not the owner of the furniture, that he made the sale as the agent of Mrs. May, and that he brought this action with her knowledge and consent arid for her benefit.
It is clear enough that the plaintiff is not the real party in interest. It is equally clear that the code abrogated the common law rule, that the right of action followed the legal title, and made the beneficial interest the sole test of the right.
With somé exceptions,—such as executors, administrators, &c.,—it expressly declares “that a trustee of an express trust, within the meaning of the section, shall be construed to include a person, with whom or in whose name a contract is made for the benefit of another” (§ 113). The question is raised, is the plaintiff a trustee of an express trust within the definition of the term in section 113 of the code % Was the contract made in his name for the benefit of another % That is the relation of the plaintiff to the owner, as shown by his own evidence in the case ; and as such he would be authorized to sue on the bill of sale in his own name although the beneficial interest was in his principal, Mrs. May.
It appears that the case of May v. Hinckley was brought on entirely different grounds from this. This is a new suit and a different and new cause of action. *46 The effect of the dismissal of the appeal in that case was a- judgment final, and bound all the parties to the deed of sale, upon the issues therein litigated. The terms of the said agreement had been complied with on her part, and legal proceedings were at an end. The judgment .entered in that case can be no bar to this action founded upon a subsequent breach.
The judgment and order denying a new trial should be affirmed with costs.
Freedman, J., concurred.